[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12501
Non-Argument Calendar

_____

BIA No. A76-434-102

JEAN MARC ETIENNE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 14, 2008)**

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jean Marc Etienne petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Etienne argues that he was not required to establish that he would be singled out for persecution based on a protected ground because he alternatively demonstrated that he was a member of a political group and that there was a pattern and practice in Haiti of persecution of that group. Etienne also contends that, because he previously established at his initial asylum hearing that he had suffered past persecution in Haiti, the BIA erred by denying his application for asylum in light of this evidence and, similarly, erred by failing to put the government to its burden of proof to show that he did not have a well-founded fear of future persecution.

For the reasons set forth more fully below, we deny the petition for review.[1]

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA affirmed the IJ's decision, but did not expressly adopt the IJ's reasoning, we review only the BIA's decision. Id.

---

[1] We decline to address Etienne's argument concerning the reliability and credibility of his testimony and the exhibits in support of his claim. A review of the BIA's decision indicates that it reviewed the testimony and evidence as if it was fully credited.

To the extent that the BIA's decision was based on a legal determination, review is <u>de novo</u>. <u>Mohammed v. Ashcroft</u>, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." <u>Al Najjar</u>, 257 F.3d at 1283-84 (quotation omitted). "To reverse the [BIA's] fact findings, we must find that the record not only supports reversal, but compels it." <u>See</u> <u>Mendoza v. U.S. Att'y Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003) (addressing withholding of removal under the INA).

As an initial matter, Etienne does not raise any argument in his brief before this Court regarding the denial of his claims for withholding of removal or CAT relief. Accordingly, he has abandoned them on review. <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

3

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "[A]n applicant must demonstrate that his fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. Establishing a nexus between the statutorily listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutory factor. Id. at 1287 (quotations omitted). To establish a "well-founded fear," an applicant must show that he has a fear of persecution in his home country and that "there is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i). Further, the applicant must show that he could not

4

avoid persecution by relocating to another part of his country, if it would be reasonable to expect him to do so. 8 C.F.R. § 208.13(b)(3).

An alien need not show that he would be singled out for persecution, however, if he establishes that in his home country "there is a pattern or practice of persecution of a group of persons similarly situated to [him] on account of [a protected ground]." 8 C.F.R. § 208.16(b)(2)(i). If the threat of violence equally affects all people in a country, without regard for their membership in a group or class recognized by the INA, then that general threat of violence "will not support a finding of a well-founded fear of persecution." Palma-Mazariegos v. Gonzales, 428 F.3d 30, 37 (1st Cir. 2005); see Perlera-Escobar v. Exec. Office for Immigration, 894 F.2d 1292, 1297 (11th Cir. 1990) (discussing whether petitioner's fear of harm from both sides of a civil war constituted persecution or "civil strife outside the intended reach of the [INA]").

Upon reviewing the record, substantial evidence supports the BIA's decision that Etienne was not entitled to asylum under the INA based on a well-founded fear of future persecution. The record indicates that, since his departure in 1993, Etienne's family had relocated from Minot, Haiti, to Pont Sonde, Haiti, and had remained there without incident. Etienne also failed to present evidence that anyone specific in Haiti maintained an interest in harming him during his 12-year absence, or that he would be singled out for persecution if he were to return to

5

Haiti. Additionally, Etienne failed to demonstrate a pattern or practice of persecution against his particular political class. Etienne testified generally that many people in Haiti were "doing bad things" and assumed that the "armed thugs" that were allegedly looking for him were macoutes that were targeting him because of his past political activities. In contrast, the specific evidence Etienne submitted in support of his claim, including news articles and Amnesty International reports chronicling the "general climate of lawlessness and violence" in Haiti since the fall of President Aristide, appears to indicate a general threat of violence against a number of different groups including, but not limited to, former Aristide supporters. A general threat of violence does not constitute persecution. See Palma-Mazariegos, 428 F.3d at 37; Perlera-Escobar, 894 F.2d at 1297.

Moreover, Etienne did not provide any specific testimony regarding his ability to relocate within Haiti. Thus, he cannot meet his burden of establishing that the option of relocating in Haiti is unavailable. Further, to the extent Etienne relies on the IJ's finding that he established past persecution at his initial asylum hearing, such reliance is misplaced. At the initial asylum hearing, the government presented sufficient evidence to rebut the presumption that Etienne had a well-founded fear of future persecution if he were to return there. Accordingly, the IJ's previous finding that Etienne had suffered past persecution does not provide an adequate basis for granting asylum relief.

6

Based on this evidence, and lack of evidence, respectively, the record does not compel reversal of the BIA's finding that Arango failed to show a well-founded fear of future persecution. Because Etienne did not show that he has a well-founded fear of future persecution based on a protected ground, he did not establish eligibility for asylum.

In light of the foregoing, the petition for review is

**DENIED.**